*935 OPINION.
Morris:
The Commissioner entered a special plea and alleged therein that no deficiency was asserted for the calendar year 1917 and for the fiscal year 1919, but that over assessments had been found and for that reason the Board is without jurisdiction to consider the matters affecting the tax liability for those years. The taxpayer conceded the 1917 adjustment, so it is unnecessary to consider the plea as to that year. The. contention of the Commissioner as to 1919 is fully answered in prior decisions. Appeal of Joseph Garneau Co., 1 B. T. A. 75; Appeal of Ormsby McKnight Mitchel, 1 B. T. A. 143; Appeal of E. J. Barry, 1 B. T. A. 156; Appeal of Hickory Spinning Co., 1 B. T. A. 409.
In view of the concessions of the taxpayer the issues are narrowed down to the proper tax liability for the years 1919 and 1920. The Commissioner’s answer denies the taxpayer’s allegation that the joint account between the taxpayer and Braun & Glazebrook was not *936 a partnership, but his representative did not argue that question at the hearing. It is clear in our minds that this joint account did not constitute a partnership, and that section 218 (a) of the Revenue Act of 1918 is therefore not applicable.
The taxpayer contends that the profits credited to his account on the books of Braun & Glazebrook as of July 31 of each year were neither actually nor constructively received by him. As the taxpayer’s books were kept on the accrual basis, that argument is specifically answered in the Appeal of Clarence Schock, 1 B. T. A. 528, in which we held that under the accrual system of accounting, receipt of income, actual or constructive, is not essential to constitute it income within the statutory definition thereof.
The taxpayer further argues that under the accrual system items should not be considered as accrued ivhen they are unliquidated or the liability of the obligor is uncertain or contingent and not fixed and determined. He does not question the correctness of accruing the profits credited to his account prior to 1919, although the only distinguishable facts are that for 1919 and 1920 he kept a cash balance in England for the purpose of taking care of possible losses on future contracts for the sale of cotton, for the financing of sales in England, and to meet a contingent tax liability. We can not see how these facts make such profits unliquidated or contingent. Under the Revenue Acts income is computed on an annual basis. The income involved in this appeal is not contingent although subject to being wiped out by subsequent losses or expenses if left in the business.
We are of the opinion that the principles underlying this appeal were decided in the Appeal of Clarence Schock, supra, and that, therefore, the taxpayer must accrue and report in his returns for the taxable years 1919 and 1920 those profits which were earned and credited to his account on the books of Braun & Glazebrook during said years.